United States District Court
of New Jersey

United States of America

v.

Angel Luis Rodriguez
Petitioner

RECEIVED
FEB 28 2025
AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

### Motion To expunged incident Report

Now comes the petitioner, Angel Luis Rodriguez, currently residing at F.C.I. Fort Dix, Requesting this Court To expunged incident report under 28 U.S.C.S § 2241.

Mr. Rodriguez asserts A Due process Violation by F.C.I Fort Dix.

(1)

I.

As A Prudential Matter, Courts Require that Habeas petitioner's exHaust all available Judicial and administrative Remedies beFore Seeking Relief under 28 U.S.C.S. §2241. Mr. Rodriguez SatisFy THis requirement See: Exhibit(A) BP-10, BP-11.

## II. Jurisdiction

THis Court Has Jurisdiction over this Matter, Mr. Rodriguez is currently incarcerated in New Jersey At F.C.I Fort Dix where this incident arised AT.

## History

ON Sunday, September 1, 2024 at approximately 2:41pm oFFicer M. Gacsi alleged Mr. Rodriguez was Reaching into the back/inside oF his pants with his right Hand and appeared To be trying to conceal Something. StaFF in West visiting Room was NotiFied Mr. Rodriguez was moved To A private Secure area To conduct A visual SearcH.

Mr. Rodriguez was ordered To Squat and Cough, THe oFFicer's alleged A Clear rubber material Tied Together at one end ForceFully Flew From His rectum Landed on Floor oFFicer recover clear rubber material, NotiFied Operation: Lieutenant, No Further incident Mr. Rodriguez was placed IN SHU.

A.) Mr. Rodriguez was NOT caught with Narcotics, or any paraphernalia at F.C.I. Fort Dix. Mr. Rodriguez complied with Strip Search, Squat and Cough No Rubber Clean Material Forcefully blew out his rectum, because Mr. Rodriguez never attempted to stuff anything in his rectum. Per officer "A clear rubber material tied together at one end Forcefully Flew from his rectum and landed on the Floor". Common sense if Mr. Rodriguez successfully stuffed anything in his rectum its hard to imagine it will so easily Flew out his rectum as the officer accounted.

Mr. Rodriguez never seen this Clear Rubber Material doing Search or in evidence while Fighting this incident report. This is a clear violation of Mr. Rodriguez Rights to have all evidence present against him in his possession. Picture's should of been taken of this Clear Rubber Material and submitted in evidence, which it was Not. DHO based his decision on the incident report written not clear evidence that No Narcotics, or any paraphernalia was found on Mr. Rodriguez and that Mr. Rodriguez was placed in dry cell Give 7 bowels Samples and was placed in X-Ray machine 2X and still No Narcotics was found.

# Argument

## II. This Court should fully review this motion and give a fair consideration to expunged this incident reports.

Nevertheless, the Supreme Court found that there can be a liberty interest at stake in disciplinary proceedings in which an inmate loses Good Conduct Time. Petitioner was Denied Because No Good Time Conduct was Loss No Liberty interests. See: Case Steven A. Johnson 2016 U.S. Dist Lexis 13879 1:16-cv-0162: "Petitioner, However fails to make a cognizable Due process claim as the disciplinary sanctions He received do not implicate any Liberyt interest that are protected by Due Process clause, Here in Mr. Rodriguez case Good Conduct time was taken So Due process applies. To invoke the Due process clause, Petitioner must First identify a Liberty interest Has Been violated. See: Wilkinson v. Austin, 545 U.S. 209, 221, 125 S. Ct 2384, 162 L. Ed 2d 174 (2005). Prisoners are entitled To due-process protection only when the disciplinary action Results in the loss of Good Conduct time or when a penalty "imposes a typical and significant Hardship on the inmate in Relation to the ordinary incidents of Prison Life." Sandin v. Conner 515 U.S. 472, 484, 115 S. Ct 2293 132 L. Ed 2d 218 (1995).

(4)

## Conclusion and Prayer For Order

Because of the reasons, Factors and arguments made Herein, and Because it Has been Done So For Similar Cases with Similarly, Mr. Rodriguez Hereby pray this order this Granted and Expunged this incident report and Restore His child mother Yaritza Quinones. She's the only person who Bring's His children.

As relief, Petitoner Requests the Court Grant the appropriate relief Due To the infestation of Due Process, that was violated, this incident should Be expunged From Mr. Rodriguez Sentry File all Sanctions Should be Removed.

① Mr. Rodriguez Due Process was violated while in SHU was Not Given BP-10 and BP-11, Forms.

② Mr. Rodriguez Due Process was violated DHO Never allowed Mr. Rodriguez To make A statement other than "Not Guilty". Mr. Rodriguez Never Confessed To Having Narcotics To L.T.'s, why would He plea NoT Guilty.

③ Mr. Rodriguez was Denied His right To appeal DHO Decision in A timely manner.

④ Mr. Rodriguez recieved appeal package 11-12-2024, mailed out 11-18-24.

⑤ No Clear Rubber Material presented IN Evidence.

Date: Feb. 20, 2025

/S/ [signature]
#73614-050
Mr. Rodriguez
P.O. 2000
Joint Base MDL, NJ. 08640